IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XANG SACKSITH, | : | CIVIL ACTION NO. **1:CV-13-1847** |
| Petitioner | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| DAVID EBBERT, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I.    Procedural Background.**

On July 8, 2013, Petitioner Xang Sacksith, an inmate at USP-Canaan, Waymart, Pennsylvania, filed, *pro se*, another Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1]  (Doc. 1).  Petitioner attached 201 pages of Exhibits to his habeas petition, including a copy of his prior §2241 habeas petition and our January 2013 R&R recommending that it be dismissed for lack of jurisdiction, a copy of his §2244(b) Motion filed with the Third Circuit Court of Appeals seeking permission to file a second §2255 motion and his support Memorandum and Affidavit, his proposed second §2255 motion he sought permission to file with the sentencing court, his December 11, 2012 Affidavit regarding his proposed second §2255 motion he sought permission to file with the sentencing court, and the Third Circuit Court of Appeals' Order denying his §2244(b) Motion seeking permission to file a second §2255 motion.  (Doc. 1-1, pp. 1-102).

---

[1]We note that on December 19, 2012, Petitioner Sacksith previously filed a § 2241 habeas petition with this Court, namely 1:12-cv-2543, M.D. Pa.  The Court dismissed Petitioner's 12-2543 habeas case for lack of jurisdiction since it found that a §2255 motion was Petitioner 's remedy regarding his claims in that case challenging his mandatory life-sentence.

Petitioner also filed an 8-page typed Memorandum in support of his habeas petition with his 2-page typed Affidavit attached thereto. (Docs. 2 & 2-1). Petitioner avers that based on the U.S. Supreme Court's recent decision in *Alleyne v. United States*, No. 11-9335, June 17, 2013, –U.S–, 133 S.Ct. 2151 (2013), a §2255 motion is not adequate or effective to raise his habeas claim in his instant petition since the *Alleyne* decision renders the conduct for which he is serving his present federal sentence non-criminal. Petitioner paid the filing fee. (Doc. 6).

Named as sole Respondent in this habeas petition is David Ebbert, the Warden at USP-Canaan.[2] The habeas petition has not yet been served on Respondent for a response. In this §2241 habeas petition, Petitioner essentially claims that in November 2005, the federal sentencing court (U.S. District Court for the Eastern District of PA) improperly enhanced his federal sentence under 21 U.S.C. § 851 and imposed a mandatory minimum sentence to life imprisonment by relying on two of his prior state court drug crime convictions. Petitioner contends that, based on the very recent Supreme Court case of *Alleyne v. United States*, –U.S–, 133 S.Ct. 2151 (2013), a jury, and not a judge, must make the finding that a mandatory minimum sentence applies. In particular, Petitioner contends that his "Sixth Amendment Jury-Trial Right was violated based on the facts/elements (two prior State Convictions that triggered a mandatory minimum sentence of life imprisonment) were never brought to the trial jury to make a factfinding (sic) proven beyond a reasonable doubt." (Doc. 2-1, p. 2). As such, Petitioner contends that his life-sentence is

---

[2]Petitioner named the correct Respondent since he is presently confined at USP-Canaan and Ebbert is the Warden at this prison. *See* 28 U.S.C. § 2242 and § 2243. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. Petitioner also correctly filed his Habeas Petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

rendered invalid by the decision in *Alleyne v. United States*, –U.S–, 133 S.Ct. 2151 (2013).

We now give preliminary consideration to Petitioner Sacksith's second §2241 habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.*, 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[3]

Based on this Court's recent decision in *Moore-Bey v. Ebbert*, Civil No. 12-1656, M.D. Pa. (J. Caldwell), 2012 WL 5199430 (M.D. Pa. Oct. 22, 2012), as well as in Petitioner's prior habeas case, Civil No. 12-2543, M.D. Pa., we again find that Petitioner Sacksith's remedy is a §2255 motion.

## II.    Factual Background.[4]

On June 10, 2004, Petitioner Sacksith, was arrested by federal officials and on July 7, 2004, he was indicted on three counts, to wit: 1) conspiracy to distribute "MDMA," *i.e.*, ecstasy; 2) knowingly and intentionally possessing with intent to distribute and aiding and abetting the possession with intent to distribute methamphetamine and MDMA; and 3) committing the offense in Count 2 within 1000 feet of a public playground. Thus, Petitioner was charged with violating 21

---

[3]Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[4]We largely repeat the factual background of Petitioner 's federal criminal case in *U.S. v. Sacksith*, E.D. Pa., from our January 2013 R&R we issued in Petitioner 's prior §2241 habeas case, Civil No 12-2543, M.D. Pa.

U.S.C. §§ 841(a)(1), 846 and 860(a), and 18 U.S.C. §2. *See U.S. v. Sacksith*, 397 F.Supp. 2d 594 (E.D. Pa. 2005). On October 26, 2004, an "Information Supporting Enhanced Sentence pursuant to 21 U.S.C. §851" was filed by the government, in the U.S. District Court for the Eastern District of Pennsylvania, which placed Petitioner on notice that he was exposed to a mandatory life sentence for Counts 2 and 3 of his Indictment since he had two prior state felony drug convictions. Petitioner indicated to the Court that he wished to plead guilty and the Court held a change of plea hearing on December 6, 2004. Petitioner was clearly advised by the Court that if he plead guilty he would face a mandatory life imprisonment sentence. Petitioner was also advised by his defense counsel to cooperate with the government to try and avoid a mandatory life imprisonment sentence. Despite the advise of Petitioner 's counsel, Petitioner refused to cooperate with the government. Petitioner also still desired to plead guilty. After a complete and detailed colloquy, the Court accepted Petitioner 's guilty plea.

Prior to Petitioner's sentencing, Petitioner filed a motion to withdraw his guilty plea claiming that his plea was not knowing and voluntary. The District Court conducted an evidentiary hearing and on November 1, 2005, denied Petitioner 's motion. *Id*. The District Court then imposed a life imprisonment sentence on Petitioner based on a §851 enhancement due to Petitioner 's two prior state court drug convictions. Petitioner then appealed the District Court's denial of his motion to withdraw his guilty plea to the Third Circuit. *See U.S. v. Sacksith*, 248 Fed.Appx. 430 (3d Cir. 2007). On September 20, 2007, the Third Circuit Court affirmed the judgment of the District

Court.[5]  *Id*.

One year later, Petitioner filed a Motion with the Eastern District Pennsylvania District Court pursuant to 28 U.S.C. §2255. *See U.S. v. Sacksith*, 2010 WL 2270983 (E.D. Pa. June 3, 2010). On June 3, 2010, the District Court denied Petitioner 's §2255 motion. *Id*. The District Court found, in part, that Petitioner 's two prior drug trafficking felon convictions and the government's §851 Information "mandated" his life imprisonment sentence. It does not appear that Petitioner appealed the District Court's Order denying his §2255 motion to the Third Circuit Court of Appeals.

As mentioned, Petitioner attached as Exhibits to his present habeas petition, Doc. 1-1, Civil No. 13-1847, a copy of his §2244(b) Motion filed with the Third Circuit Court of Appeals seeking permission to file a second §2255 motion and his support Memorandum and Affidavit, his proposed second §2255 motion he sought permission to file with the sentencing court, his December 2012 Affidavit regarding his proposed second §2255 motion he sought permission to file with the sentencing court, and the Third Circuit Court of Appeals' December 3, 2012 Order denying his §2244(b) Motion seeking permission to file a second §2255 motion. (Doc. 1-1, pp. 35-100).

Petitioner then filed a §2241 habeas petition with the District Court for the Middle District of PA on December 19, 2012. *See* Doc. 1, Civil No. 12-2543, M.D. Pa. (Doc. 1-1, Civil No. 13-1847, pp. 21-33). As noted above, we issued an R&R in Petitioner 's Civil No. 12-2543 case on January 23, 2013, recommending that his § 2241 petition be dismissed for lack of jurisdiction, as

---

[5]The Third Circuit Court of Appeals stated the background of Petitioner 's federal criminal case in *U.S. v. Sacksith*, 248 Fed.Appx. 430 (3d Cir. 2007).

5

Petitioner's only remedy was a §2255 motion. The District Court issued an Order adopting our R&R in full on March 1, 2013, and Petitioner's prior §2241 habeas petition in Civil No. 12-2543 was dismissed.

Petitioner filed the instant, his second, §2241 habeas petition on July 8, 2013. (Doc. 1, Civil No. 13-1847). As such, we will now give preliminary consideration to Petitioner Sacksith's second §2241 habeas petition which again challenges his mandatory life-sentence he is currently serving.

**III.    Claims of Habeas Petition**.

Petitioner is essentially contending that his mandatory life-sentence is now invalid in light of the recent Supreme Court holding in *Alleyne v. United States*. Petitioner claims that his two prior state drug convictions should not have used by the United States District Court for the Eastern District of Pennsylvania to enhance his November 2005 sentence to a mandatory life-sentence for his federal drug conviction. Petitioner claims:

> Pursuant to U.S. Supreme Court decision in *Alleyne*, June 17, 2013, "Jury, [not] Judge, Must make finding for mandatory minimum sentence" applicable to Petitioner's case that his two prior state convictions triggered mandatory minimum life sentence which their "facts/elements" were never brought to a jury trial to make a fact-finding (sic) and proven beyond reasonable doubt. A sentence judge relied upon incorrect understanding and interpretation of law and violated the procedural rules that implicate fundamental constitutional protection.

(Doc. 1, p. 3).

We will recommend that the present habeas petition be dismissed for lack of jurisdiction since we again find that a §2255 motion is Petitioner Sachsith's remedy with respect to his claims

6

challenging his life-sentence. *See Moore-Bey v. Ebbert*, Civil No. 12-1656, M.D. Pa. (J. Caldwell), 2012 WL 5199430. As mentioned, Petitioner is presently serving his federal life-sentence, imposed in November 2005, at USP-Canaan.

**IV.     Discussion.**

Initially, we must address the Supreme Court's holding in *Alleyne*. In that case, the Defendant was originally convicted by a jury for carrying a firearm in relation to a crime of violence, which carried a mandatory minimum sentence of five years in prison. *Alleyne*, 133 S.Ct. 2151. When Defendant was sentenced, however, the judge concluded that the Defendant had "brandished" the firearm, which, per the statute, increased his mandatory minimum sentence to seven years. *Id*. Ultimately, the sentence was appealed and the Supreme Court found that "any fact that increases mandatory minimum sentence for [a] crime is [an] 'element' of [that] crime, not [a] 'sentencing factor,' that must be submitted to the jury." *Id*. As such, the Supreme Court held that the jury, not the sentencing judge, should have determined if the Defendant truly "brandished" the weapon for the purposes of the statute in question.

Presently, we have not found any court which has ruled on the retroactive application of *Alleyne* to cases on collateral review. In fact, some courts have already considered § 2241 habeas petitions based on *Alleyne*, finding, "should *Alleyne* be made retroactively available, [Petitioner] may be able to raise his claim in a § 2255 proceeding." *Carter v. Coakley*, 2013 WL 3365139 *4 (N.D. Ohio 2013); *Woods v. Coakley*, 2013 WL 3811863, * 4 (N.D. Ohio 2013); *Williams v. U.S.*, 2013 WL 3819676, * 2 (S.D. Ill. 2013); *Simpson v. United States*, 2013 WL 3455876, *1 (7th Cir. July 10, 2013)(holding that *Alleyne* was not made retroactive).

Further, we find that to the extent Petitioner Sacksith claims *Alleyne* renders his past conduct, *i.e.*, his two prior state felony drug convictions, noncriminal, Petitioner's reliance on *Alleyne* is misplaced. (Doc. 2, p. 1). Petitioner states in his Memorandum, "the two prior state conviction's facts are 'elements', not federal convictions automatically, have to follow the procedural rules and the Sixth Amendment right to have a jury determine the elements of a criminal offense beyond reasonable doubt." (Id.). Petitioner misinterprets the Supreme Court's holding in *Alleyne*. In that case, the sentencing judge decided an additional element of a crime, namely, the judge concluded that the Defendant had "brandished" the firearm, which enhanced the Defendant's sentence for that crime. In the instant case, however, the federal sentencing court considered Petitioner Sacksith's already-decided and final prior two state drug convictions in imposing a life-sentence on Petitioner for a new federal conviction. In fact , as stated, on October 26, 2004, an "Information Supporting Enhanced Sentence pursuant to 21 U.S.C. §851" was filed by the government in Petitioner's federal criminal case, in the U.S. District Court for the Eastern District of Pennsylvania, which placed Petitioner on notice that he was exposed to a mandatory life sentence for Counts 2 and 3 of his Indictment since he had two prior state felony drug convictions. Those prior state drug convictions of Petitioner were not elements of his federal sentence, merely because they enhanced that sentence. Carried to its logical end, Petitioner's argument implies that his prior state drug convictions would have to be effectively re-decided by the federal sentencing court and proven beyond a reasonable doubt before that court could enhance his federal sentence to life imprisonment. We find that Petitioner's claim in the present case to be a clearly erroneous reading of *Alleyne*.

Alternatively, we find that Petitioner Sacksith's present § 2241 habeas petition, as we found with his prior §2241 habeas petition, should be dismissed for lack of jurisdiction. *See Moore-Bey v. Ebbert*, Civil No. 12-1656, M.D. Pa. (J. Caldwell), 2012 WL 5199430; *Wallace v. Bledsoe*, 2011 WL 766646 (M.D. Pa. 2-7-11)(Court summarily dismissed inmate's §2241 habeas petition for lack of jurisdiction claiming that his state court conviction for unlawful restraint should not have been used by the federal sentencing court to sentence him as an armed career offender and enhance his federal sentence to 300 months since it was a "none existent state charge."); *Brown v. Bledsoe,* 2012 WL 92344 (M.D. Pa. Jan. 11, 2012)(Court summarily dismissed inmate's §2241 habeas petition for lack of jurisdiction claiming that his July 2004 federal sentence enhancement under U.S. Sentencing Guidelines as a §2K2.1(a)(2) based on two prior state court felony convictions was improper since one of his prior state convictions was illegal.).

Specifically, as in the cases of *Moore-Bey v. Ebbert*, *Wallace* and *Brown*, we again find that § 2255 is an adequate and effective remedy for Petitioner Sacksith to raise his instant habeas claims. *See also Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. (11-29-10); *Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10). Also, simply because Petitioner's first §2255 motion was denied by the United States District Court for the Eastern District of PA does not render a §2255 motion as inadequate or ineffective for Petitioner to raise his present claims. Additionally, as mentioned, even though Petitioner previously filed with the Third Circuit Court of Appeals a motion to file a second or successive §2255 motion based on the case of *Carachuri-Roasendo v. Holder*, –-U.S.—, 130 S.Ct. 2577 (2010), and the case of *Garrus v. Secretary of PA Dept. of Corrections*, 694 F.3d 394 (3d Cir. Sept. 21, 2012), which motion was denied by the Third Circuit in December 2012, he must file

another §2244(b) motion with the Third Circuit based on the *Alleyne* case.

Suffice to say that, based on recent Middle District cases directly on point, including Petitioner Sacksith's prior habeas case, we find Petitioner's present habeas claim must be raised *via* a 2255 motion. *See Moore-Bey v. Ebbert, supra; Wallace, supra; Brown, supra; Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10)(Court held that it lacked jurisdiction over inmate's §2241 habeas claim that the federal sentencing court incorrectly determined that he was a career criminal for purposes of sentencing based on a prior state court conviction.); *DiFilippo v. Sniezek*, Civil No. 10-0406, M.D. Pa., aff'd. 2010 WL 3965893 (3d Cir. 10-12-10) (Court found that §2255 Motion was remedy for Petitioner who claimed that he should not have been sentenced as a career offender and that his guideline range should not have been increased, since the Supreme Court recently found that escape was not always a crime of violence for purposes of sentencing a Defendant as a career offender). In fact, we again find this Court's recent decision in *Moore-Bey v. Ebbert,* in which Petitioner Moore-Bey relied upon the *Carachuri-Roasendo* case, to be similar with Petitioner Sacksith's case. In *Moore-Bey v. Ebbert*, Petitioner was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The federal sentencing court then enhanced Petitioner Moore-Bey's sentence, pursuant to 21 U.S.C. § 851, based on Petitioner's two prior North Carolina State drug convictions from August 1, 2000 and July 16, 2003, and sentenced Petitioner to a mandatory life sentence. Petitioner Moore-Bey claimed that his 2003 North Carolina State drug conviction should not have used to enhance his federal sentence since this conviction did not result in a sentence exceeding one year imprisonment, rather, it only resulted in a prison sentence of 9 to 11 months. In *Moore-Bey v.*

10

*Ebbert,* this Court dismissed Petitioner's habeas petition for lack of jurisdiction since it found that Petitioner's remedy was a §2255 motion.

As stated, in the present case, Petitioner Sacksith has already attempted to utilize § 2255, but this does not show that § 2555 is inadequate or ineffective to raise his present habeas claims. *See Moore-Bey v. Ebbert; Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.; *Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10) adopted by 2010 WL 2926593 (M.D. Pa. 7-26-10). Petitioner contends that § 2255 is inadequate or unavailable in light of the fact that his claim is based on a case decided after his §2255 motion was denied, namely, *Alleyne, supra*. As stated, Petitioner now indicates that he filed a motion to file a second or successive § 2255 motion, pursuant to 28 U.S.C. § 2244(b)(3), with the Third Circuit Court of Appeals and it was denied, but that was to raise his claims based on *Carachuri-Roasendo v. Holder and Garrus*. Petitioner has not filed another motion to file a second or successive § 2255 motion, pursuant to 28 U.S.C. § 2244(b)(3), with the Third Circuit Court of Appeals to raise his instant claims based on *Alleyne* as he now must do. Regardless, we find that Petitioner Sacksith's recourse is still §2255 even though he has to file another motion to file a second or successive § 2255 motion, pursuant to 28 U.S.C. § 2244(b)(3), with the Third Circuit Court of Appeals.

In *Sperling v. Hogsten*, Appeal No. 07-3032, (3d Cir. 10-19-07)(Non-Precedential), slip op. pp. 3-4, the Third Circuit stated:

> A federal prisoner can seek relief under section 2241 only if the remedy
> provided by section 2255 is inadequate or ineffective to test the
> legality of his detention. 28 U.S.C. § 2255; *Cradle v. U.S. ex rel. Miner*,
> 290 F.3d 536, 538 (3d Cir. 2002). A section 2255 motion is not
> "inadequate or ineffective" merely because the sentencing court
> has denied relief, *Cradle*, 290 F.3d at 539, or because the petitioner

11

> cannot meet the gatekeeping requirements of section 2255, *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). As noted above, Sperling has already filed three unsuccessful motions pursuant to section 2255 in the sentencing court, and at least two applications to the Second Circuit for permission to file another, all of which essentially raised the same claims he raises here. However, the fact that Sperling cannot prevail under section 2255 does not render it "inadequate or ineffective" to protect him. *See Cradle*, 290 F.3d. at 539. Therefore, the District Court properly dismissed Sperling's petition pursuant to 28 U.S.C. § 2241.

In *Green v. Apker*, 2005 WL 1138478, * 4 (M.D. Pa.), this Court stated that there is "a high bar for what a court will consider a serious constitutional issue sufficient to allow a Petitioner to bring a § 2241 petition to challenge a conviction or sentence." This Court stated that the request for relief under § 2241 must be based on newly discovered evidence or an intervening change in substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction. *Id*. We do not find that Petitioner Sacksith's claims in the present case are based on newly discovered evidence or an intervening change in substantive law that would negate the criminal nature of Petitioner's conduct leading to his federal conviction.

Moreover, as stated above, we have not found any case in which a court held that *Alleyne* was made retroactive to cases on collateral review. We also again find that the case of *Moore-Bey v. Ebbert* makes it clear that §2255 is the remedy for Petitioner Sacksith to raise his instant claims. We find that even under *Alleyne*, the federal sentencing court in Petitioner Sacksith's case could still consider Petitioner's two prior drug convictions when it enhanced his sentence to life imprisonment under §851.

Further, on June 3, 2010, the District Court denied Petitioner Sacksith's §2255 motion. The *Carachuri-Roasendo v. Holder* case was decided on June 14, 2010, and Petitioner later filed a

12

§2244(b) motion to file a second or successive §2255 motion with the United States Court of Appeals for the Third Circuit which denied his motion in December 2012. In any event, we find that Petitioner Sacksith's remedy to raise his instant claims under *Alleyne* is to file another §2244(b) motion to file a second or successive §2255 motion with the United States Court of Appeals for the Third Circuit.

In the present case, Petitioner Sacksith was convicted of violating 21 U.S.C. §§ 841(a)(1), 846 and 860(a), and 18 U.S.C. §2. The federal sentencing court (District Court for the Eastern District of PA) then enhanced Petitioner's sentence, pursuant to 21 U.S.C. § 851, based on Petitioner's two prior state drug convictions, and sentenced Petitioner to a mandatory life sentence. As stated, prior to Petitioner's guilty plea and prior to Petitioner 's sentencing, he was clearly advised that the government was going to seek a §851 enhancement. Nonetheless, Petitioner chose not to cooperate with the government and to plead guilty. Petitioner now claims a jury should have evaluated his prior state convictions as "elements" of his federal conviction before his federal sentence was enhanced to a life sentence. We find this to be an erroneous reading of the Court's holding in *Alleyne*. Based on this Court's recent decision in the case of *Moore-Bey v. Ebbert*, we find that Petitioner Sacksith's remedy is a §2255 motion. Moreover, as stated, we concur with the courts in *Carter v. Coakley*, 2013 WL 3365139 *4 (N.D. Ohio 2013), *Woods v. Coakley*, 2013 WL 3811863, * 4 (N.D. Ohio 2013), *Williams v. U.S.*, 2013 WL 3819676, * 2 (S.D. Ill. 2013), and *Simpson v. United States*, 2013 WL 3455876, *1 (7th Cir. July 10, 2013), that *Alleyne* has not been made retroactive to cases on collateral review.

In the case of *Littles v. U.S.*, 142 Fed. Appx. 103 (3d Cir. 2005) (Per Curiam), the inmate filed a § 2241 habeas petition claiming that one of his previous state convictions should not have been used by the sentencing court in determining that he was a career offender under U.S.S.G. § 4 B1.1 since the one state conviction was unconstitutionally obtained. The Third Circuit held that inmate could not pursue his claim *via* § 2241 habeas petition since no showing that § 2255 motion was inadequate or ineffective. The Third Circuit vacated the portion of the Middle District of Pennsylvania District Court's decision that considered Littles' habeas petition claim on its merits. The Third Circuit concluded that "[because Littles was proceeding pursuant to § 2241, the District Court was without jurisdiction to consider the merits of his petition." *Id*. at 104; *see also Middleton v. Ebbert*, 2011 WL 4048777 (M.D. Pa. Sept. 12, 2011).

We find that this Court is clearly without jurisdiction to consider Petitioner Sacksith's second § 2241 habeas petition. We find that Petitioner's recourse is to again seek permission from the appeals court to file a second motion under § 2255 with respect to his 2005 federal sentence based on the *Alleyne* case. Thus, Petitioner's contention that his current federal sentence of life imprisonment was impermissibly based on the sentencing court's enhancement under §851 due to his two prior state court drug convictions which were not proven beyond a reasonable doubt, should be raised in a § 2255 motion. *See Moore-Bey v. Ebbert, supra; U.S. v. St. Clair, supra* and *U.S. v. Garcia, supra*. Petitioner Sacksith must seek his relief *via* that vehicle even though he is required to seek permission from the appeals court to file a second § 2255 motion. *Okereke, supra*. Further, Petitioner does not claim that he is actually innocent of the federal drug crimes for which he was convicted. Rather, Petitioner claims that his life-sentence was impermissibly enhanced

14

based on two prior state drug convictions. The exception created in *Dorsainvil* does not apply in this case and Petitioner cannot seek relief under §2241. *See Okereke,* 307 F.3d at 120-21; *Moore-Bey v. Ebbert*, *supra*.

In this case, even though Petitioner Sacksith has already filed a § 2255 motion regarding the life-sentence for which he is presently incarcerated and even though the Third Circuit Court has already denied his motion to file a successive §2255 motion, he does not demonstrate a personal inability to utilize this remedy. Despite the fact that he did file a previous § 2255 motion as to his sentence, he does not establish the inadequacy or ineffectiveness of the remedy itself. S*ee Berry v. Lamer*, Civil No. 96-1678, *slip op* at 13-14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from the circuit court warning petitioner that no other submission shall be filed or entertained in his case, did not render his remedy by way of Section 2255 motion inadequate or ineffective); *Holland v. Harding*, Civil No. 95-0870, *slip op* at 4 (M.D. Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by Section 2255 motion is waived does not render a Section 2255 motion inadequate or ineffective); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) (denying motion for certification to file a second Section 2255 petition without prejudice to petitioner filing a Section 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively

eviscerate Congress's intent in amending § 2255.")**.**

Thus, we will recommend that the District Court summarily dismiss Petitioner Sacksith's second habeas petition under Rule 4 since we find that Petitioner's recourse is to file another motion to file a second or successive § 2255 motion, pursuant to 28 U.S.C. § 2244(b)(3), with the Third Circuit Court of Appeals. *See Moore-Bey v. Ebbert, supra; Davis v. Sniezek*, Civil No. 08-1119, M.D. Pa.; *Hart v. Holt*, 2007 WL 626159 (M.D. Pa.)(Court found that Petitioner should raise his instant claim that his sentence should not have been enhanced under the ACCA by filing a motion with the Third Circuit to file a successive § 2255 motion); *Winkelman v. Holt*, 2009 WL 1314864 (M.D. Pa.); *Webb v. Martinez*, 2010 WL 128315 (M.D. Pa.); *Bush v. Elbert*, 299 Fed. Appx. 147 (3d Cir. 11-14-08)(Third Circuit found that inmate's remedy for his claim that his federal sentence was improperly enhanced under the ACCA was a §2255 motion). As in *Moore-Bey v. Ebbert* as well as in *Bush*, our Petitioner makes no claim that he is actually innocent of his November 2005 drug convictions, and Petitioner's present habeas claims are clearly an attack on the legality of the life-sentence imposed on him by the United States District Court for the Eastern District of Pennsylvania. Thus, Petitioner cannot "evade the gatekeeping requirements of §2255 by seeking relief under §2241." *Bush v. Elbert*, 299 Fed. Appx. at 149; *Middleton, supra*.

Based upon the well-settled case law, we shall recommend that Petitioner Sacksith's second Habeas Corpus Petition (Doc. 1) be dismissed for lack of jurisdiction without directing service of it on Respondent.

**V.     Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Sacksith's Petition for Writ of Habeas Corpus (**Doc. 1**) be dismissed, without directing service of it on Respondent, for lack of jurisdiction.

      s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: July 31, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XANG SACKSITH, | : | CIVIL ACTION NO. **1:CV-13-1847** |
| | : | |
| Petitioner | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DAVID EBBERT, | : | |
| | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **July 31, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.


       **s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: July 31, 2013**