IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

XANG SACKSITH, :
    Petitioner :
 :
  vs. : CIVIL NO. 1:CV-13-1847
 :
DAVID EBBERT, : (Judge Caldwell)
    Respondent :
 :
 :

*M E M O R A N D U M*

      The pro se petitioner, Xang Sacksith, has filed a petition under 28 U.S.C. § 2241 challenging the life sentence imposed on him by the United States District Court for the Eastern District of Pennsylvania after he pled guilty in December 2004 to drug-trafficking offenses. The life sentence was mandatory, imposed after the government filed a 21 U.S.C. § 851(a) notice listing two prior state-court drug-trafficking convictions. Petitioner claims that under the recent decision in *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), the convictions could not be used to establish his sentence because they had not been submitted to a jury to make the factual determination that they existed.[1]

      We are considering the report of the magistrate judge. The report recommends, upon an initial review, that the 2241 petition be dismissed for lack of

---

[1] Petitioner filed a previous 28 U.S.C. § 2241 petition. We dismissed that petition for lack of jurisdiction. *Sacksith v. Ebbert*, No. 12-CV-2543, 2013 WL 784755 (M.D. Pa.)(Caldwell, J.).

jurisdiction. (Doc. 7, magistrate judge's report, p. 9). As noted by the magistrate judge, the difficulty for Petitioner is the same one that derailed his previous 2241 petition. Petitioner has already had a 28 U.S.C. § 2255 motion adjudicated, and his remedy by way of section 2255 is not inadequate or ineffective to test the legality of his detention. In these circumstances, we have no jurisdiction to entertain his claim under section 2241. *Hill v. Williamson,* 223 F. App'x 179, 180 (3d Cir. 2007)(nonprecedential).

The magistrate judge also correctly decided that even if we could consider the claim, it lacked merit. In *Alleyne*, the petitioner had been convicted of using or carrying a firearm during and in relation to a crime of violence. ___ U.S. at ___, 133 S.Ct. at 2155-56. Under 18 U.S.C. § 924(c)(1)(A)(i), using or carrying a firearm has a mandatory minimum term of five years' imprisonment. Under 18 U.S.C. § 924(c)(1)(A)(ii), if the firearm is brandished, the minimum sentence is seven years. The jury only determined that the petitioner had used or carried the firearm. However, at sentencing, the trial court found that he had brandished it, and imposed a seven-year sentence. ___ *U.S.* at ___, 133 S.Ct. at 2156. The Supreme Court held that any fact that increases the mandatory minimum sentence for an offense is an element of the crime that must be submitted to the jury. *Id.* at ___, 133 S.Ct. at 2155. Hence because the brandishing element increased the penalty imposed for the offense and had not been submitted for the jury's determination, the sentence violated the Sixth Amendment. *Id.* at ___, 133 S.Ct. at 2163-64.

*Alleyne* does not assist Petitioner because his sentence was enhanced by prior convictions, a factor which, at least at this point in the development of the case law, does not implicate his Sixth Amendment rights. *See United States v. Rivera*, ___ F. App'x ___, 2013 WL 3852725, at *3 (3d Cir. 2013)(nonprecedential), *petition for cert. filed*, No. 13-5698 (U.S. Aug. 3, 2013); *United States v. Kelly*, 403 F. App'x 722, 726 and n.6 (3d Cir. 2010)(nonprecedential)(citing *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed. 2d 350 (1998)).

      Petitioner also seems to think that section 2255's safety valve, 28 U.S.C. § 2255(e), allows him to invoke section 2241 when he argues that the failure to have a jury find the existence of the prior convictions rendered those convictions non-criminal for the purpose of sentencing. It is true that the safety valve allows a prisoner to invoke section 2241 when he has had no prior opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)(citing *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). However, while Petitioner's claim here is that *Alleyne* has rendered his prior convictions non-criminal, that argument is based only the contention that they should have been submitted for the jury's determination. *Alleyne* does not establish directly that his prior convictions were based on conduct that was not criminal under the relevant law, and thus the safety valve cannot be invoked.

      It is for this reason that Petitioner's citation to *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013), (made for the first time in his objections to the magistrate judge's

-3-

report), is also unavailing. In *Brown*, the Seventh Circuit ruled that a federal defendant could invoke section 2241 under section 2255's safety valve to challenge his sentence on the basis that one of the convictions used to classify him as a career offender, a state-law arson conviction, no longer qualified as a crime of violence in light of *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008). 719 F.3d at 585. *Brown* is distinguishable because *Begay* did have the effect of disqualifying the state-law arson conviction as a "'generic'" arson for the purpose of the career offender guideline. *Id.* However, as we noted above, *Alleyne* does not have a similar effect for Petitioner's prior drug-trafficking convictions.

    We will issue an appropriate order.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

September 9, 2013